The Honorable Paul Bookout State Representative 2104 Catharine Drive Jonesboro, AR 72404
Dear Representative Bookout:
I am writing in response to your request for my opinion on the following questions:
 1. Does the Jonesboro City Council have authority to appoint a replacement for an alderman who has resigned with more than a year left on his term or, since the city has over 50,000 in population with certain stipulations, is a vote of the electorate required?
 2. Are there any other conditions that would affect the determination of this position?
You further report the following facts:
 A vacancy is being created on the Jonesboro City Council because of a resignation of one of the aldermen with a term of more than one year left to serve. Jonesboro currently has a population of over 50,000.
 We have a mayor/city council form of government with six wards, and two councilmen in each ward. The aldermen have to reside in the wards that they are elected to, they serve at large, and are voted on by all the citizens of Jonesboro.
RESPONSE
In response to your first question, A.C.A. §§ 14-43-411 and 14-42-104
expressly provide that the replacement alderman under these circumstances must be elected only if aldermen are normally elected by the electors of each ward, not if the aldermen are elected at large. In my opinion, then, given that Jonesboro conducts at large elections for aldermen, the city council should appoint the replacement. With respect to your second question, the only "other conditions that would affect the determination of this position" are the various statutes pertaining to the election of aldermen in cities of the first class having more than 50,000 residents and an aldermanic form of government.
Question 1: Does the Jonesboro City Council have authority to appoint areplacement for an alderman who has resigned with more than a year lefton his term or, since the city has over 50,000 in population, is a voteof the electorate required?
Subsection 14-43-303(a) of the Code (Repl. 1998) provides, inter alia,
for the election to a term of four years of one alderman from each ward in a city that has a population of 50,000 or more and has a mayor-council form of government. Subsection (b) of this statute provides that all candidates must reside in the ward for which they are running, although the electors may vote for candidates in each of the wards. Accord A.C.A. §§ 14-43-307(a) and 14-43-309(a). However, notwithstanding the provisions just discussed, A.C.A. §§ 14-43-307(b) provides alternatively for election only by the electors of each ward and further contemplates having more than one alderman per ward:
 (1)(A) The city council of any such city or the governing body of any city in transition to the mayor-council form of government is empowered and authorized to provide, by ordinance, that all aldermen be elected by ward, in which event each alderman shall be voted upon by the qualified electors of the ward from which the person is a candidate.
 (B)(i) When so provided by city ordinance, the name of the candidate shall appear upon the ballot only in the ward in which he is a candidate.
 (ii) The city council of these cities may provide for the election of one (1) alderman from each ward citywide and the other aldermen from each ward by the voters of the ward only.
Subsection 14-43-309(b) further provides:
 (1) The city council of any such city is empowered and authorized to provide, by ordinance, that the aldermen shall only be voted upon by qualified voters of the ward from which the person is a candidate.
 (2) When so provided by ordinance, the name of the candidate shall appear upon the ballot only in the ward in which he is a candidate.
I gather from your factual recitation that the Jonesboro has elected to have two aldermen per ward, both elected at large rather than by ward.
With respect to the issue of filling vacancies on the council, A.C.A. §14-43-411 provides:
 (a)(1) Whenever a vacancy shall occur, for any reason, in the office of alderman in any city of the first class, at any regular meeting after the occurrence of the vacancy, the city council shall proceed to elect by a majority vote of the remaining members elected to the council an alderman to serve for the unexpired term. Provided, however, it is necessary that at least a quorum of the whole number of the city council shall remain in order to fill a vacancy.
 (2) The person elected by the council shall be a resident of the ward where the vacancy occurs at the time of the vacancy.
 (b) When a vacancy occurs in any position of alderman in a city having a population of fifty thousand (50,000) or more, according to the most recent federal decennial census, and having a mayor-council form of government in which the electors of each ward elect one (1) or more aldermen, a new alderman shall be chosen in the following manner:
 (1) If the unexpired portion of the term of alderman exceeds one (1) year, a successor shall be elected by a vote of the electors of the ward. The city council shall order a special election to be held within sixty (60) days of the date the vacancy occurs;
 (2) If the unexpired portion of the term of alderman is one (1) year or less, a successor shall be chosen by a majority vote of the members of the council.
(Emphasis added.) Section 14-42-104 of the Code echoes subsection (b) of the statute just quoted.
Subsection (a) of this statute states as a general rule that the city council of a city of the first class shall fill a vacancy in its membership by majority vote of a quorum of its membership. However, subsection (b) of the statute carves out an exception that might entail an election by the electors if the following conditions apply: (1) the city has a population of 50,000 or more; (2) the unexpired term of the alderman to be replaced exceeds one year; and (3) the electors elect their aldermen by ward, not at large. In my opinion, the last of these three conditions follows inescapably from the language highlighted above. Accordingly, because Jonesboro elects its aldermen at large, not by ward, I believe the city council should fill the vacancy by majority vote of a quorum of its membership, as dictated by A.C.A. §14-43-411(a). I should note that this conclusion is in all respects in accord with that offered by the Jonesboro City Attorney to the Jonesboro Mayor in a letter opinion dated July 11, 2003.
Although it does not bear directly on your question, I will note that there appears to be a reasonable explanation why the legislature requires elections to fill vacancies under certain circumstances in cities that elect alderman by ward and not in those that elect aldermen at large. The legislature may well have reasoned that the voter interest, as well as the proportional voter turnout, will be considerably higher if the only votes to be cast are by those who have the most direct interest in the outcome — namely, the residents of the ward to be represented. By contrast, the legislature may have assumed that voter apathy with respect to a special at-large election called to elect only one alderman would be too great to warrant the cost and inconvenience of conducting the election.
Question 2: Are there any other conditions that would affect thedetermination of this position?
In my opinion, the appropriate considerations are those discussed in my response to your first question.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh